IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jemol Hamilton Brown, | ) | |
| | ) | C/A No. 0:15-1186-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Warden Cecillia Reynolds, Lee CI; Nurse | ) | |
| G. Stokes, Lee CI Medical Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jemol Hamilton Brown is an inmate in custody of the South Carolina Department of Corrections (SCDC) who at the time of the underlying events was housed at Lee Correctional Institution in Bishopville, South Carolina. On March 13, 2015, Plaintiff, proceeding pro se, filed a complaint alleging that Defendants Cecillia Reynolds and G. Stokes denied him medical treatment in violation of his constitutional rights. See 42 U.S.C. § 1983.  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On August 25, 2015, Defendants filed a motion for summary judgment.  By order filed August 26, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately.  Plaintiff filed no response to the motion for summary judgment.  On October 2, 2015, the Magistrate Judge issued an order directing Plaintiff to advise the court as to whether he wished to continue the case.  Plaintiff was advised that if he failed to respond to the October 2, 2015, order, the within complaint could be subject to dismissal with prejudice for failure

to prosecute. See Fed. R. Civ. P. 41(b). Plaintiff filed no response to the Magistrate Judge's October 2, 2015, order.

On October 21, 2015, the Magistrate Judge issued a Report and Recommendation in which she recommended that the within action be dismissed with prejudice for failure to prosecute. A copy of the Report and Recommendation was forwarded to Plaintiff at his last known address at Bishopville Correctional institution. A copy of the Report and Recommendation subsequently was forwarded to Plaintiff at Kershaw Correctional Institution pursuant to an address for Plaintiff posted on the SCDC website. Plaintiff did not object to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the recommendation of the Magistrate Judge and incorporates the Report and Recommendation herein by reference. The

within complaint is dismissed with prejudice for failure to prosecute.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 14, 2016.

## NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**